### UNITED STATES v. SHAW.

(District Court, E. D. Pennsylvania. October 28, 1926.)

No. 27.

Shipping ⬦131—Measure of damages for breach of contract of transportation held additional cost of procuring other transportation in absence of special damage.

Where respondent made default on his contract to transport a boiler for libelant, which was to be by water on an inside route, and libelant procured other transportation at a fair price, but, owing to closing of the inside passage, an outside and longer route was necessary which added to the cost, the measure of damages for breach of the contract was such additional cost, in the absence of proof of special damages.

In Admiralty. Suit by the United States against L. B. Shaw. Decree for libelant.

Clinton M. Hester, Admiralty Atty., United States Shipping Board, of Washington, D. C. (George W. Coles, U. S. Atty., of Philadelphia, Pa., and E. B. Hayes, of Washington, D. C., on the brief), for the United States.

Willard M. Harris, of Philadelphia, Pa., for respondent.

DICKINSON, District Judge. A ruling in this case was deferred, awaiting briefs, one of which was delayed because of the illness of counsel. It has been determined that the respondent contracted to carry a boiler

or set of boilers from Chester to Norfolk, and that he defaulted in his contract. The further finding resulted that he was liable to the libelant for the damages resulting from this default. The libelant of right, because it was necessary, procured other transportation. The fair expense of this measures the damage.

This case is clear of question of the reasonableness and fairness of this expense, because the final transportation was by the respondent. The only dispute here is over the difference in the route of transportation. The first contract was for transportation by the inside route. The second was by the outside route. The expense of the latter was greater. The change was due, however, to the time of performance. There was not time to transport under the second contract before the inside route was closed by the ice. This made the adoption of the outside route necessary. For this difference the libelant should have judgment. It is no more than damages for loss of time. This much is clear enough.

There are other features of the case, however, in respect to which a satisfying judgment is not easy to reach. These boilers were put on board of the respondent's vessel, which sank at the wharf from which loaded. The consequent expense and damage is included in the sum for which the libelant asks judgment. This sinking was at the time deemed to have been due to a peril of the sea. There has been no finding that it was due to any act of omission or commission of the respondent.

We cannot do otherwise, however, than take notice that it had been ruled (although in a proceeding inter alios) that the foundering of the vessel and the submergence of the boilers was not due to a peril of the sea. This ruling, it is true, was that the loss of the vessel was not due to a peril of the sea, within the meaning of a contract of insurance. We do not, however, as yet know, because there has been no finding, to what the swamping of the vessel was due. It may have been due to her unseaworthiness, or it may have been due to the negligence of those who, acting for the shipper (the libelant here), were loading the boilers on the boat. It may have been due to other causes.

We do not see how we can incorporate this damage in the judgment against the respondent at this time. The asked-for amendment to include the damage to the boilers does not remove the whole difficulty. The cause was tried on the tacit understanding that this damage and the loss of the vessel was due to a peril of the sea. To allow damages claimed is to arbitrarily find the respondent to have been answerable for it. The finding before made in effect was (because tacitly assumed) that the damage was due to a peril of the sea, and, no question of negligence having been raised, it was not determined who was negligent.

An assessment of damages may be made, measured by the difference between the expense of transportation and the first contract price, and a formal judgment entered for this sum, with interest and costs, in favor of the libelant and against the respondent, L. B. Shaw.